CASE 52.—ACTION BY GEORGIA FITE AGAINST E. H. BRIEDENBACK AND OTHERS FOR VALUE OF PROPERTY ALLEGED TO HAVE BEEN WRONGFULLY SOLD.—December 12.

# Fite v. Briedenback, &c.

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.  ?

From the judgment plaintiff appeals, and defendant Briedenback prosecutes a cross-appeal—Affirmed on cross-appeal and reversed on appeal.

1.  Appeal—Cross-Appeal—Amount Involved.—The cross-appeal, which Civil Code Prac., section 755, provides appellee may obtain at any time before trial by an entry on the records of the court of appeals, and which can only be taken in such court, and can not be granted by the trial court, may be prosecuted; though the amount in controversy as to appellee and the judgment from which he prosecutes it is less than the amount necessary to authorize an appeal.

Fite v. Briedenback, &c.

2. Husband and Wife—Liability for Rent—Property of Tenant's Wife.—Personal property of the wife of a tenant on the leased premises can nct be subjected to payment of the rent; Ky. Stats., 1903, section 2127, providing that the wife shall hold all her estate free from the debts of her husband, section 2305 providing that rent may be recovered from the lessee, his assignee, or undertenant, and section 2307 providing that an attachment for rent shall bind and may be levied on any personal property of the original tenant in the county and the personal property of the assignee or undertenant found on the leased premises.

3. Sheriffs—Wrongful Levy and Sale—Liability to Claimant — The sheriff who levies an attachment and makes a sale thereunder is not protected from action by claimants of the property, though he takes a bond from the attaching creditor, containing a provision, unauthorized by Civil Code Prac., section 211, under which it is taken, obligating such creditor to pay to any claimant cf the property the damage he may sustain from the seizure or sale.

4. Same—Actions—Parties.—One whose property is sold on attachment for debt of another may join in the same action therefor the sheriff who made the sale and the persons who procured him to make it.

5. Bailment—Liability cf Bailee—Sale of Property on Attachment.—One in whose hands property is placed to safely care for for a consideration is not liable for its seizure and sale under attachment, he having had nothing to do therewith, except to surrender it to the sheriff on his demanding it by virtue of the attachment in his hands.

6. Attachment—Wrongful Sale—Liability of Plaintiff in Attachment.—Plaintiff in attachment is liable for the sale under the attachment of the property of another than the debtor only in case he procured or directed the officer to sell it.

C. M. FINN, Attorney for appellant Briedenback.

1. Appellant Briedenback prosecutes a cross-appeal because the lower ccurt refused to hold that the property of the wife, taken upon leased premises, became subject to the payment of the husband's debt to the landlord. That the lower court properly sustained a demurrer to so much of the answer of Briedenback as attempted to hold the wife's property subject to the payment of the husband's debts is settled by Ky. Stats., section 2127.

2. Knowing that this negro woman, Georgia Fite, has been wrongfully deprived of six or seven hundred dollars worth of

property without any fault on her part and that the verdict of the jury only awarding her damages in the sum of $75 is a gross injustice, we ask this court to award her a new trial.

E. B. ANDERSON, Attorney for appellee.

POINTS AND AUTHORITIES.

The personal property of a tenant's wife set up and used on leased premises, under Kentucky Statutes, is in lien for the claim of the landlord for rent. (Bacon's Abridgments, Distress, section 349; Ky. Stats., sections 2305, 2307, 2317; Taylor's Landlord & Tenant, Ed. 1879, p. 15, section 19; Emig v. Cunningham, 62 Md., p. 458; Blanche v. Bradford, 38 Pa. St. 344, 80 Am. Dec. 489; Jones on Liens, vol. 1, 2d Ed., section 562, p. 347; Murphy v. Borland, 92 Pa. St., p. 90; Minor's Institutes, vol. 4, part 1, p. 105, Ed. 1883; Minor's Institutes, vol. 4, part 1, p. 113, Ed. 1883; Waller v. Morgan, 18 B. M., 136 and 144.)

OPINION OF THE COURT BY JUDGE CARROLL—Reversing on appeal and affirming on cross-appeal.

The appellant, as plaintiff below, brought this action against Briedenback, Burch, Short, and Dawson, alleging, in substance, that she was the owner of certain described articles of personal property of the value of $920, which she delivered to Dawson who agreed to safely care for them for a fixed compensation, but that Briedenback and Burch procured Short, who was sheriff of the county, to wrongfully take possession of the property and sell same. The husband of appellant was the tenant of Briedenback, and became indebted to him in the sum of $100 for rent. The husband had also executed a mortgage on the property to one Hartnetz, for whom Burch acted as agent. After appellant had placed the property in the warehouse of Dawson, Briedenback obtained a landlord's attachment, and had it placed in the hands of Short, who levied it upon the property. Hart-

netz, through his agent, Burch, also sued out an attachment in the court in which the landlord's attachment was obtained, and it was levied by Short upon the property the landlord's attachment had been levied on. Afterwards an order was made by the judge of the quarterly court, directing the sheriff to sell the attached property to satisfy the landlord's rent, and the claim of Hartnetz amounting to some $26. Under this order, the sheriff proceeded to sell the property, but, before doing so, required Briedenback to execute to him a bond of indemnity. The action against Burch was dismissed without prejudice. Short did not file an answer. Briedenback answered, setting up that his tenant, who was the husband of appellant, was the owner of the property levied on and sold, and that all of the property had been in the rented premises for several months before the tenant became in default, and continued in them until a few days before the attachment was obtained, when it was removed to the warehouse of Dawson, with the intent to defraud him (Briedenback), and that he only directed the sheriff to levy on and sell the piano, office desk, and camera. Other pleadings completed the issues, and upon a trial the jury found a verdict against Briedenback for $700. This verdict was set aside by the lower court, and upon another trial appellant recovered judgment against Briedenback for $75. Appellant asks that the judgment on this verdict be set aside and a new trial granted her because (1) the verdict is against the evidence; (2) error in rejecting evidence; (3) error in giving and refusing instructions. Briedenback prosecutes a cross-appeal, and insists that, as the property upon which the attachment was levied was in the leased premises, it was subject to the land-

lord's claim for rent, although the wife of the tenant might have been the owner of it.

Before considering these matters, we will dispose of the question as to the right of Briedenback to prosecute a cross-appeal from the judgment against him for $75; that being the only amount in controversy so far as he is concerned. The point has not been heretofore passed on by this court, and involves the right of an appellee to prosecute a cross-appeal when the amount in controversy as to him and the judgment from which he prosecutes the cross-appeal is less than two hundred dollars. Civ. Code Prac. section 755, provides: "Appellee may obtain a cross-appeal at any time before trial by an entry on the records of the Court of Appeals. The failure of an appellant to prosecute an appeal, or his dismissal of it, shall not prevent the appellee from prosecuting a cross-appeal." A cross-appeal can only be taken in this court. It cannot be granted by the circuit court. Murphy v. Blandford, 11 S. W. 715, 11 Ky. Law Rep. 125; Hancock v. Hancock, 69 S. W. 757, 24 Ky. Law Rep. 664. But, when the judgment below authorizes an appeal to this court by each party to the litigation—that is, when the amount in controversy as to each party without reference to the claim or judgment of the other, whether the action be at common law or in equity, is $200 or more, as for instance, where A. sues B. on a claim for $1,000 and gets a judgment for $500, or where C. sues D. for $500 and obtains a judgment for $200 or less, and a counterclaim or set-off that would make the amount in controversy as to D. $200 or over is rejected— either or both may pray an appeal in the lower court from the judgment, and may prosecute the appeal if they desire upon the same record or each may bring

up his own record, and either or both may file a schedule. Allen County v. U. S. Fidelity & Guaranty Co., 122 Ky. 825, 93 S. W. 44, 29 Ky. Law Rep. 356. If the action is in ordinary, and the amount from which the appellee desires to prosecute an appeal is large enough to authorize him to take the appeal in the lower court, then he must in that court file his motion and grounds for a new trial, and in other respects follow the procedure that authorizes an appeal from a judgment of the lower court in ordinary actions, except that the appeal may be taken on the same record or either or both may file a schedule. L. & N. R. Co. v. Whitehead, 73 S. W. 1128, 24 Ky. Law Rep. 2315. If, however, the amount in ordinary actions is not sufficient to authorize an appeal in the lower court by the appellee, then he may without taking any action in the lower court prosecute a cross-appeal in this court, and in equity actions may prosecute in this court a cross-appeal without reference to the amount  If the cross-appeal is granted by this court, the amount in controversy, so far as the person asking the cross-appeal is concerned, is not material.  When the appellant brings the case here, the appellee may prosecute an appeal for the purpose of having correctly adjudicated all the questions disposed of adversely to his interest in the lower court, to the end that if there is a retrial of the case, the lower court may dispose of it without prejudicing the rights of either of the parties.  If this practice was not allowable, and it was only competent to consider the points raised by appellant, and the case was remanded for a new trial, the errors committed to the prejudice of appellee might be repeated upon the retrial. Walsh v. Mayer, 111 U. S. 31, 4 Sup. Ct. 260, 28 L. Ed. 338; 2 Cyc. 583.  Therefore we have

jurisdiction to examine the question raised by Briedenback on his cross-appeal.

The personal property owned by the wife of a tenant on the leased premises cannot be subjected to the payment of the rent due by the husband, first, because section 2127 of the Kentucky Statutes of 1903, provides, in part, that "marriage shall give to the husband during the life of his wife no estate or interest in the wife's property real of personal, owned at the time or acquired after the marriage. During the existence of the marriage relation, the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband;" and, second, section 2305-07 of the Kentucky Statutes of 1903 specifies the persons whose property if found on the leased premises may be subjected to the rent, and, in the absence of a contract, the property of no other person that may happen to be on the leased premises can be taken. The section first mentioned provides that "rent may be recovered from the lessee or other person owing it or his assignee or undertenant, or the representative of either;" and section 2307 that "a distress warrant or attachment for rent shall bind and may be levied upon any personal property of the original tenant found in the county and upon the personal property of the assignee or undertenant found on the leased premises." The fact that appellant was the wife of the tenant, and that property owned by her was on the leased premises—it being immaterial how long it had been there—did not have the effect of making her an undertenant or render her property liable for the rent due by her husband. The rule of the common law has been changed by the statute. The rights of the landlord have been abridged, and

his remedies, being fixed by the statutes, cannot be extended. Indeed, there is no good reason why they should be. The landlord is highly favored by law, and is given extraordinary remedies for the collection of his rent.

In view of the fact that there must be a retrial of the case, we do not express any opinion as to the ownership of the property, and will only make such comments upon the evidence as may be necessary to a proper understanding of the instructions given and refused.

There was evidence tending to show that the husband of appellant owned the piano, and also evidence that the articles were first put up and sold by the piece, and then as a whole, and that when sold as a whole they brought $203.40, which was more than they brought separately, and this latter bid was accepted. The piano and camera when sold separately brought more than the amount of Briedenback's debt; and there is some evidence that the sheriff was only directed by Briedenback to sell the piano and the camera. The jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of $75.00 for camera." In view of the fact that there was controversy as to the ownership of the piano, and of the evidence that Briedenback only directed that the piano and camera be sold, it can readily be seen that, when the jury were told in every instruction that if they found at all for the plaintiff as against Briedenback they could only find the value of such goods as were procured to be sold by him, they must have come to the conclusion that the piano was not the property of the appellant, but that the camera was, and, as Briedenback had only procured the sale of the piano and camera, they were

limited in their finding to the value of those two items, and did not consider at all the value of the other articles sold, all of which were claimed by appellant. No instruction was given as to the liability of the sheriff.

Briedenback had his attachment levied upon the property that was sold. Before the sheriff would sell the property, he required Briedenback to execute to him a bond of indemnity. This bond does not embrace all the property levied on or directed by order of court to be sold, but so far as this action is concerned, it is not material. This bond did not protect the officer from suit by appellant, who was claimant of the property. It is true the bond obligates Briedenback ''to pay to any claimant of the property aforesaid the damage which he or she may sustain in consequence of such seizure or sale,'' but this part. of the bond was not authorized by section 211 of the Civil Code of Practice under which it was taken. In attachment proceedings the sheriff or officer who has an attachment for execution may take for his own protection a bond of indemnity against any damage he may sustain by reason of the levy of the attachment, or sale of the attached property; but he is not authorized to take or demand a bond in the interest of any claimant of the property, nor does the bond protect the officer from suit by the claimant whose property he has wrongfully seized or sold. Lewis v. Mansfield, 78 Ky. 460; Gevedon v. Branham, 47 S. W. 589, 20 Ky. Law Rep. 792. It was entirely proper that the plaintiff should join in the same action as defendants the sheriff who sold the property, as well as the persons who procured him to sell it. Really the only question in this case, except as to the value of the property, is whether

appellant was or not the owner of it.  If she was the owner of it, she had a right to recover damages for its illegal seizure and sale from the persons who procured the sale as well as the officer who made it.  If she was not the owner of it, then, of course, she should not recover.  Dawson, under the evidence before us, was not liable, as it does not appear that he had anything to do with the sale of the property. It is true it was placed in his possession by appellant, but he surrendered it, as he had the right to do, to the sheriff who demanded it by virtue of the attachment in his hands.  On another trial of the case, in lieu of the instructions given, the court should instruct the jury that (1) if they believe from the evidence that the property, or any part thereof, levied on and sold under the attachment was owned at that time by Georgia Fite, they should find against W. I. Short the reasonable value at the time of the seizure and sale of such articles as were owned by her.   (2)  If they believe from the evidence that Briedenback procured Short to sell the property owed by Georgia Fite, they should find against him the reasonable value of the property owned by her that he directed or procured the officer to sell.   (3) If they believe from the evidence that the property sold by Short belonged to the husband of Georgia Fite, they should find for the defendants.   (4)  The court should instruct the jury that the defendant Briedenback is only responsible for the sale of such of the property as he directed the sheriff to sell.  The appellee Short may, if he desires, file an answer.

The judgment on the cross-appeal is affirmed, and the judgment on the original appeal is reversed, with directions for a new trial not inconsistent with this opinion.