BANKERS SURETY COMPANY, APPELLEE, v. JABEZ S. CROSS, APPELLANT.

FILED JUNE 23, 1916. No. 18957.

Indemnity: COUNSEL FEES. A saloon-keeper's surety which has procured from a third person indemnity against all suits, charges, and expenses, including costs and counsel fees, by reason of such

suretyship, may recover from the indemnitor necessary counsel fees and expenses paid in defending an action on the saloon-keeper's bond against the principal and the surety, where the latter had reasonable cause to believe and did believe that such action on its part was necessary, though the principal had employed competent counsel to make a defense.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*I. J. Dunn,* for appellant.

*W. C. Fraser, contra.*

ROSE, J.

This is an action by plaintiff, the Bankers Surety Company, to recover $437.70 on a contract of indemnity executed by defendant. Plaintiff became surety on the bond of John R. Hauber, a saloon-keeper in Nebraska City, but, before doing so, procured from Jabez S. Cross, defendant, a contract in the penal sum of $5,000, indemnifying plaintiff "against all suits, actions, debts, damages, demands, costs, charges, and expenses, including costs and counsel fees," by reason of plaintiff's suretyship. Subsequently Hauber and the Bankers Surety Company, surety on his bond, were sued for damages on account of the sale of intoxicating liquors. Hauber employed an attorney to defend the suit, and the surety company by its own attorney filed a separate answer and joined in the defense. After the trial had been commenced a compromise was effected. The present action was instituted to recover from Cross, the indemnitor, counsel fees, expenses and costs paid by the surety in defending the former action. The jury rendered a verdict in plaintiff's favor for $381.12, and from judgment thereon defendant has appealed.

The indemnitor contends that the evidence is insufficient to sustain a verdict in favor of the saloon-keeper's surety, under the instructions of the court. The court instructed the jury that, if the surety had reasonable cause to believe that it would suffer loss unless it employed an attorney

to assist in the defense, it would be entitled to recover the reasonable value of the attorney's fees and the amount of expenses and costs paid. It is insisted there is no proof that the surety had reason to believe that it was necessary to employ counsel in addition to that furnished by Hauber, the saloon-keeper. There was evidence tending to show that when the former action was commenced Hauber's attorney notified the surety of the suit. No answer was filed on behalf of the surety except by its own attorney. The surety's attorney conferred with Hauber's attorney in. reference to the trial of the case and also interviewed the witnesses for the defense. Some of the necessary witnesses lived in Iowa and refused to attend the trial without payment of their fees in advance. Hauber refused to advance the fees, and his surety did so. The evidence seems to justify a finding in favor of the surety on this issue.

It is also contended that, since Hauber had employed counsel and since the indemnitor was financially responsible, the surety was not justified in employing additional counsel. The indemnity contract provided:

"If the above bounden J. S. Cross, his executors or administrators shall, at all times hereafter, save harmless and keep indemnified the said the Bankers Surety Company, its successors and assigns against all suits, actions, debts, damages, demands, costs, charges, and expenses, including court costs and counsel fees at law or in equity, and against all loss and damages whatever, that shall or may at any time hereafter happen or accrue to the said the Bankers Surety Company, its successors or assigns, for or by reason of the suretyship of the said the Bankers Surety Company, as aforesaid, then this obligation to be void and of no effect, otherwise to be and remain in full force and virtue in law."

The surety was a codefendant in the suit against Hauber on his bond. The indemnity contract was the obligation of Cross, the indemnitor, and not that of Hauber. It indemnifies the surety against all suits and against all loss and damages, including counsel fees and expenses.

That Hauber had employed competent counsel did not necessarily prevent his surety from taking necessary steps to defend itself against liability in an action in which it was answerable as a codefendant. *American Surety Co. v. Vinsonhaler,* 92 Neb. 1, is relied upon by indemnitor, but that case is distinguishable. The language used in the opinion supports the position of the surety. In the opinion it was stated: "No doubt under this contract the surety ought to be protected against all necessary expenses incurred in defending itself against liability on these bonds, and should be allowed to exercise a reasonable discretion as to necessary measures of defense; but the allegations of this petition indicate that the expenses sued for were unnecessary, and there is no allegation of circumstances showing any necessity for such expense, or even that the surety regarded such expense necessary."

In the present case the evidence justified a finding that the surety believed, and had reasonable cause to believe, that the expenses incurred were necessary. The judgment is therefore

AFFIRMED.

SEDGWICK, J., not sitting.