## Fidelity & Casualty Co. of New York v. Mauney.

(Decided May 3, 1938.)

T. E. MAHAN for appellant.

E. L. STEPHENS, GLENN H. STEPHENS, CHARLES STEPHEN, and STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

This is a suit by the appellant against L. L. Mauney to recover $641.12 expenses incurred in defending suits filed against Mauney, as principal, and the appellant, as surety, on his bond as city commissioner of Corbin in 1930 and 1931.

In his application to the appellant to become surety on his bond the appellee made certain representations and promises, including the following:

"I also hereby agree for myself, my heirs, executors, administrators as follows: (1) to indemnify the Company against any losses, damages, costs, charges, or expenses it may sustain, incur, or became liable for in consequence of the said Bond or any renewal thereof, or any new bond issued in continuation thereof or as a substitute therefor; (2) that any proper evidence of the payment by the company of any such losses, damages, costs, charges, or expenses shall be conclusive evidence against me, my heirs, executors, and administrators, of the fact and extent of my liability to the Company under this agreement."

This contract is authorized by section 723 of the Statutes.

A number of suits were filed against Mauney and other commissioners of Corbin and their sureties in the Knox circuit court to recover alleged illegal increases in salary and the loss of $28,000 of the city's sinking fund through their negligence in keeping it on deposit in an insolvent bank. The company notified Mauney of the terms of his contract of indemnity and reimbursement, and suggested that it seemed unnecessary for it to retain separate counsel, and asked to be advised if he would have attorneys represent them both. Mauney did so and the company incurred no expense. The cases were dismissed for want of jurisdiction.

Thereafter similar suits were filed in the Whitley circuit court, four of them involving these two parties. The company again wrote Mauney and asked to be advised as to his counsel representing it as in the Knox county cases. Having received no reply it again wrote him three weeks later. Still not hearing from him in another three weeks the company retained the firm of Tye, Siler, Gillis & Siler. Mauney was advised that this had been done because of his failure to employ counsel for the company, and was notified that he would be expected to reimburse it for all expenses incurred, including its attorneys' fees. Mauney testified that he had written the company that he had employed capable attorneys to take care of the company and himself and that he had told the company's agents that he

was taking care of everything. In the light of the correspondence, this would seem to refer only to the Knox county cases. Mauney employed other attorneys but was not able to say that he had ever instructed his lawyers to represent the surety company. He seems to have merely assumed that they would do so. Messrs. Pope and Upton testified they were employed to represent Mauney and not the surety company, but knew that if they succeeded in his defense it would inure to the benefit of the surety. Separate pleadings were signed and filed by the attorneys representing Mauney and the surety company, respectively, but it appears that all the attorneys in the case consulted from time to time.

The suit to recover the excessive salaries was decided in favor of the surety company but was appealed. The judgment was affirmed upon the ground that the taxpayer had no authority to maintain it. Commonwealth, by Barton, v. Mauney, 258 Ky. 429, 80 S. W. (2d) 568. It appears that the case was tried out as to Mauney and a judgment rendered against him only. He superseded the judgment, but, as we understand, the appeal was not perfected and the case was finally compromised. The company's demurrer to the petition in the sinking fund case was sustained. It does not appear with certainty what became of that suit as against Mauney, but we infer that he, too, prevailed.

The company paid its attorneys $575 fee and spent $61.60 for printing its brief filed in this court, and $4.52 for copies of certain records. Mauney declined to reimburse the company and, as stated, this suit followed. We may say without reciting it that the evidence demonstrated the reasonableness of the fees and other expenditures. There was really no conflict in the evidence on any controlling point. Nevertheless, the court submitted the issues made by the pleadings in respect to the contract and retention of the attorneys and the reasonableness of the expenditures. We may observe that in the instruction as to the measure of recovery the jury were not required to find the reasonableness of the expenses from the evidence but were left to their own independent opinion. The verdict was for the defendant, Mauney.

The appellant insists that it was entitled to have the verdict directed in its favor. The appellee's oppos-

ing argument is, (1) that it is not right to require him to pay the company's attorneys and bear the expenses of its litigation since his lawyers were caring for the surety's interest and his exoneration relieved it of liability; (2) that since one of the company's defenses was that its bond did not embrace any liability for negligence in respect of the bank deposit, it was antagonistic to his interests; and (3) that as Mauney testified he was financially able to pay any judgment for $10,000 (the limit of the surety's liability) that might have been rendered so the surety would not have suffered. These defenses ignore his clear and explicit contract to indemnify the company against any "costs, charges or expenses it may sustain, incur or become liable for in consequence of" the bond. He was bound by the terms of his agreement. Brandts' Ex'r v. Donnelly, 94 Ky. 129, 21 S. W. 534, 14 Ky. Law Rep. 819; Bankers' Surety Company v. Jefferson Realty Company, 143 Ky. 549, 137 S. W. 224; Weil v. B. E. Buffaloe & Co., 251 Ky. 673, 65 S. W. (2d) 704; Bank of Blaine v. Hanshaw, 255 Ky. 825, 75 S. W. (2d) 529.

It would seem unnecessary to say that under such a contract of indemnity the indemnitee must act reasonably and in good faith and with due diligence.

"This rule is especially applicable where the indemnitor is notified and given an opportunity to contest the adverse litigation but fails or refuses to do so; or where the employment of counsel is with the knowledge of the indemnitor." 31 C. J. 436.

And as stated in note 62 of that text, it was held in Bankers' Surety Company v. Cross, 100 Neb. 98, 158 N. W. 457:

"A surety who has procured indemnity against all expenses, including costs and counsel fees, by reason of his suretyship, may recover from the indemnitor counsel fees in defending an action on the bond, where he had reasonable cause to believe that expenditure was necessary, although the principal on the bond had employed competent counsel."

The appellee was given opportunity to have his personal counsel represent the company, also, but he took no action towards having that done. The surety was being sued for a large sum of money and when its principal remained silent and did nothing to protect it,

self-preservation demanded that it secure legal representation. It would have been negligent had it done otherwise. Its action was not only reasonable but necessary. See Fidelity & Casualty Company of New York v. Stewart Dry Goods Company, 208 Ky. 429, 271 S. W. 444, 43 A. L. R. 318. The amount of expenses incurred must likewise be deemed reasonable and proper. Indeed, there is not a scintilla of proof tending to contradict the evidence showing the diligence and capacity of the attorneys or the reasonableness of their fees and the legal costs paid.

We are of opinion that the court should have given a peremptory instruction for the plaintiff.

The judgment is accordingly reversed.