## The Fidelity & Casualty Co. of New York v. Mauney.

March 5, 1940.

Flem D. Sampson; Judge.

T. E. Mahan for appellant.

E. L. Stephens, Glenn Stephens, Charles Stephens and Stephens & Steely for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

An opinion reversing a judgment for appellee in the first trial of this case will be found in 273 Ky. 400, 116 S. W. (2d) 960. In that opinion it was held that under the evidence the lower court should have given a peremptory instruction for appellant. The matters out of which the litigation grew and the issues made by pleading and proof on the former trial are fully set out in that opinion and we shall, therefore, refrain from further statement except as to additional evidence heard on the second trial which resulted in a verdict for appellee and judgment from which this appeal is prosecuted.

Practically all the evidence introduced for appellant on the first trial was read as the evidence of its witnesses on the second trial. Appellee testified on the second trial, but by comparison we find his evidence in

substance and effect the same as it was on the first trial. He introduced witnesses to show that as testified to by him on both trials Mr. Culton, one of the attorneys employed by appellee, at the request of appellee wrote letters to appellant that he would represent it in all the litigation. A vigorous challenge is made to the competency of some of this evidence, but it is unnecessary to discuss or determine that question, since it is merely cumulative in character and to the same effect as the evidence introduced by appellee on the first trial and which was fully considered by this court when the opinion was rendered reversing the judgment.

The record shows that on this, as on the former appeal, none of the attorneys employed by appellee apparently pretended to act for appellant in any steps taken, since all pleadings and motions were signed for and on behalf of appellee, although in some of the litigation appellant was claiming that even if appellee was liable for his acts complained of appellant would not be liable therefor as surety on his bond.

Since the evidence heard on the last trial is for all purposes and in substance and effect the same as it was on the first trial, we must, under the law of the case rule, hold that the former opinion prevails and the court again erred in not sustaining appellant's motion for a peremptory instruction.

Wherefore, the judgment is reversed for a new trial and for proceedings consistent with this opinion.