# Maryland Casualty Co. v. Wood.

Nov. 19, 1943.

As Modified on Denial of Rehearing.

Jan. 28, 1944.

Woodward, Dawton & Hobson for appellant.

Doolan, Helm, Stites & Wood for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

The appellee, and defendant below, Lorenzo K. Wood, served Christian County, Kentucky, as its County Judge, to which he was elected, for a full term. The appellant, and plaintiff below, for a paid consideration, became his surety on his official bond and in the application made to it therefor by defendant the latter agreed to indemnify his surety for loss, costs, charges, suits, damages, counsel fees and other expenses which it might sustain or incur as a consequence of its suretyship, but which, perhaps, might have been implied in the absence of such expressed obligation. After defendant's term expired, Christian County filed an action against him and his surety for an alleged excess amount of fees he had collected over and above the constitutional limit of $5,000 compensation and expenses of operating his office. Later another action was filed against him and his surety by one Gladys West for whom defendant, while in office, had appointed a guardian and accepted his bond. The latter later defaulted, and the ward after becoming of age, sought to recover the amount of such alleged default by her guardian from defendant and appellant, his surety, on the ground of negligence on the part of defendant in accepting insufficient surety on the guardian's bond. The cases were tried in the Christian Circuit Court wherein the actions were filed, resulting in a dismissal of the action filed by the county, but there was a judgment against defendant, Wood, in the West case for the sum of $491, which he promptly paid, but later recouped that amount from the guardian and his surety.

This action was later filed in the Jefferson Circuit Court by plaintiff against defendant to recover from him $1,069.04 which it claimed was incurred for counsel fees, expenses and other items of cost in defending the two actions in the Christian Circuit Court. The answer of defendant admitted the above facts but denied the necessity of plaintiff in incurring the items sued for,

and that in undertaking to make separate defenses in the Christian Circuit Court in the two actions it did not act in the required good faith towards its principal (defendant) so as to entitle it to a recovery in this action.

A jury was waived and the cause was tried by the court, who found the facts to be as set out in defendant's answer as applicable to the action by the county, and it therefore dismissed plaintiff's petition wherein it was sought to recover $814.98 for counsel fees and expenses of plaintiff in defending that action; but the court entered judgment against defendant for $173.16, being the amount of defendant's attorney's fees and expenses incurred in defending the West case. Appellant filed motion for a new trial of the issues determined against it which was overruled and from which it prosecutes this appeal, and defendant has by motion in this court obtained a cross-appeal.

A preliminary question of practice should be first disposed of, and which is: That since appellee made no motion for a new trial, or in any manner sought to set aside the judgment of $173.16 rendered against him, he is now deprived of prosecuting his cross-appeal, although the amount is too small to permit its review by this court in any event. In making that insistence, however, counsel failed to discover a direct contrary holding by this court in the two cases of Fite v. Briedenback, 127 Ky. 504, 105 S. W. 1182, 32 Ky. Law Rep. 400, and Southeastern Gas Co. v. Ferguson, 269 Ky. 162, 106 S. W. (2d) 144. In the Fite case (127 Ky. 504, 105 S. W. 1183, 32 Ky. Law Rep. 400) we said: "If, however, the amount in ordinary actions is not sufficient to authorize an appeal in the lower court by the appellee, then he may, without taking any action in the lower court prosecute a cross-appeal in this court, and in equity actions may prosecute in this court a cross-appeal without reference to the amount. If the cross-appeal is granted by this court, the amount in controversy, so far as the person asking the cross-appeal is concerned, is not material." In the Ferguson case (269 Ky. 162, 106 S. W. (2d) 147)—following the holding made in the Fite one, and in which the precise question was involved—we said: "If the sum from which a cross-appeal is sought is so small the circuit court could not have granted an appeal from it, then a cross-appeal may be allowed without a motion and grounds being filed" (citing cases). We still conclude that the rule of practice so

declared in those two opinions is sound and should not be overturned. We therefore proceed to a consideration of the merits of the case on both the appeal and cross-appeal.

It will at once be seen that the decisive question in the case on the merits is, whether or not plaintiff acted in good faith, under a reasonable necessity therefor, in incurring the expenses which it seeks to recover from defendant in this action? Curious as it may seem, each litigant in this case relies on the same cases in support of their respective contentions which are, Maryland Casualty Company v. Cowherd, 284 Ky. 659, 145 S. W. (2d) 843, and Fidelity & Casualty Co. v. Mauney, 273 Ky. 400, 116 S. W. (2d) 960. Each of those opinions recognizes the right of a surety to indemnity from his principal, expenses incurred by it, or him, when the facts in the case rendered it reasonably necessary to do so, and that in doing so it acted in good faith. Those opinions establish the rule in such cases in this jurisdiction, regardless of what may be the rule elsewhere, and the text in 50 C. J. 276, sec. 461, and the case of Maryland Casualty Co. v. Ballard, 126 Okl. 270, 259 P. 528, states the rule to be as declared in the two domestic cases supra. It would seem to be the fair and equitable rule even were we without such declarations as precedents, since if there was no reasonable necessity for the surety to incur such expenses, good faith toward his principal would require that he should not burden the former with an unnecessary obligation. Therefore, accepting the rule as so declared as the prevailing one in this jurisdiction, it becomes our task to look to the evidence to determine the question of good faith and reasonably necessary action on the part of plaintiff in creating the expenses which it seeks to recover from defendant.

As soon as the first action by Christian County was filed against defendant, and the plaintiff, as his surety, he immediately employed learned, experienced and most competent counsel to defend both himself and his surety in that action. Defendant likewise so informed plaintiff, and later conversed with the late Chas. K. Wheeler, of Paducah, Kentucky, whose firm was local counsel for plaintiff in that territory. In that conference— which was requested by Mr. Wheeler—he was then given the same information that had been given by defendant to plaintiff who also wrote Mr. Wheeler a letter ex-

pressly informing him that his (defendant's) employed counsel would look after the defense of the action for both himself and his surety, the appellant. Also plaintiff and counsel employed by it was informed that defendant was solvent and financially able to pay any judgment that might be recovered in the action and which does not seem to be questioned in any manner throughout the record. In addition thereto, plaintiff was a lawyer by profession with ten years experience in the practice, but nevertheless employed Trimble & Trimble and Judge W. O. Soyars as his counsel to represent himself and his surety, and they filed answer and prosecuted the case throughout, arguing it after submission without the presence of plaintiff's counsel although the latter had consulted with plaintiff and its counsel during the progress of the case and collaborated with them with reference to the defense interposed. However, plaintiff's counsel filed a separate answer for it but, as we gather from the record, it was substantially the same as that filed by employed counsel for defendant. It would therefore seem that there scarcely could be a case made out wherein it would not be reasonably necessary to employ separate counsel, wherein the surety would not be acting in good faith toward the principal if it was not done in this case. The court so found in the one case and we are far from the conclusion that such finding so flagrantly against the evidence as to require a reversal thereof.

Hon. James K. Wheeler in testifying in the case gave it as his opinion that such reasonable necessity existed, he having succeeded his father in the practice of their firm since the latter's death in 1933. In making that statement the witness no doubt had in mind the fact (to which he also testified) that his client (plaintiff) made separate defenses in all actions in which it was sued throughout the territory of his firm's employment. He was asked: "You didn't mean by your statement that it would be necessary because it (plaintiff) felt that Mr. Trimble or Mr. Soyars were not competent and capable to take care of the surety company as well as Judge Wood?" To which he replied: "No, I was not expressing that." It was not shown that any different defense was interposed by employed counsel of plaintiff in its behalf different from that made by defendant and his counsel, which completely covered all defenses available to each defendant in the two actions in the Chris-

tian Circuit Court. Defendant and his counsel testified that during the pendency of the action by the county, other similar suits had been filed and were pending against other county officials and plaintiff, who was their surety, one of which was the Cowherd case supra, and that plaintiff's regularly employed counsel, Wheeler & Shelbourne, were in attendance on the sessions of the Christian Circuit Court in defending their client in those suits, during which time there were consultations between Judge Wood and his attorneys, and employed counsel for plaintiff with reference to the action against defendant. But it does not appear that such consultations were solicited by defendant, although he readily considered any suggestion that plaintiff's counsel might make. It was also uncontradictedly shown that local employed counsel by defendant put forth every available defense in the action against their client, as well as in defense of his surety. Defendant and Mr. Trimble, one of his employed counsel, testified in substance that they saw no necessity for a separate defense to be made by plaintiff, although it was conceded that it had a right to do so if it saw proper. Under the testimony, as thus so briefly rehearsed, we are in accord with the conclusions of the trial judge that plaintiff is not entitled to recoup its expenses in defending the action by Christian County sought to be recovered by plaintiff in this action.

It is true that we came to a contrary conclusion in the Mauney and Cowherd cases, supra, but a reading of those opinions will clearly point out the reason therefor, since in each of them there were facts clearly demonstrating, not only the propriety but undisputed necessity for the surety to defend the actions by and through its own counsel. None of the dangers which the surety might incur by not doing so exists in this instant case and which renders the conclusion reached in those cases inapplicable to the facts of this one.

But it is insisted that Judge Wood wrote a letter to plaintiff's counsel November 9, 1936, after the Christian County litigations were terminated, in which he thanked them for whatever aid and assistance both they and their client (plaintiff) had rendered and it is contended that in doing so he accepted such aid and assistance and thereby waived his relied on defense to this action. But the letter, when read as a whole, clearly demonstrates that the writer was expressing his grati-

fication over the outcome of the litigation and felicitating with everyone interested in the result by expressing his appreciation for the cooperation of both plaintiff and his counsel through the progress of the litigation in the Christian Circuit Court. We have carefully read the letter and fail to find anything in it that might be interpreted as a consent by defendant to accept the services in his behalf of plaintiff's counsel so as to deprive him of the right to rely on the defenses he interposed in this action.

In brief for appellant it is stated that "no distinction can be drawn between the West case and the Commonwealth case" for the use and benefit of Christian County. We agree with that statement in so far as it might apply to reasonable necessity for a separate defense by plaintiff, a defendant in that case. All the facts applicable to the Christian County case likewise apply to the West case, except that in the latter one defendant, Judge Wood, did not employ local counsel, but himself made defense for both himself and his surety in that action, and he conducted that trial. No fact is alleged by plaintiff in this action to show any advantage that was, or might have been, obtained by making a separate defense therein; nor is any complaint made of any omission on the part of Judge Wood in the conduct of the trial of that case, or against his good faith efforts to defend it for both himself and plaintiff. As hereinbefore stated, plaintiff was notified when that action was filed, and was assured by defendant that it would be promptly defended, and taken care of at the trial, and that any judgment that might be obtained would be promptly satisfied by defendant, thus making it clear that in view of all the facts there was likewise no reasonable necessity for plaintiff incurring expenses in defending that action. The only reason which the court trying this case gave for rendering judgment for the expenses incurred in defending the West case was that Judge Wood did not employ local counsel to defend that action. However, he had retired from office at that time and had re-entered the practice which his past experience had thoroughly qualified him to pursue. In addition he consulted with his former counsel throughout the pendency of the West case, and there is likewise no complaint made as to the conduct of that trial. At this point a question is presented as to whether, in view of our above expressed conclusions, the judgment

against appellee for $173.16 should be reversed for a new trial, or should the court be directed to dismiss the action against him insofar as it is based upon expenses incurred by appellant in defending the action by the ward.

Ordinarily in reversing a judgment in an ordinary action only a new trial is ordered upon a return of the case, but this court said in a response to a petition for rehearing filed in the case of Rosenfield v. Goldsmith, 12 S. W. 928, 13 S. W. 3, 11 Ky. Law Rep. 662, presenting the exact question (i. e., trial of an ordinary action by the court after jury waived): "But when the party's own evidence shows that there is nothing in his defense, when upon his own statement but one result can follow, why should not this court direct what judgment shall be entered? Why subject the parties to another trial, which must result in the same judgment the court is now ready to order entered? Such a course is unsupported by reason, and the petition for a rehearing or a modification of the opinion is refused." There is no conflict in the testimony relating to the material facts. Each side appears to have fought the battle vigorously and with all the material either of them possessed, in which case we again ask: "Why subject the parties to another trial, which must result in the same judgment the court is now ready to order entered?" We feel that the same answer could be here given as was done by us in the Rosenfield case. We therefore conclude that the court should have also dismissed plaintiff's petition seeking recovery for expenses incurred in defending that action.

Wherefore, for the reasons stated, the judgment is affirmed on the appeal, but reversed on the cross-appeal with directions to dismiss the petition.