COWART, Judge,
dissenting.
This is an appeal of a partial summary judgment which found appellant, Bravo Electric Company (subcontractor), to be liable for the attorney’s fees and costs appel-lee Carter Electric Company’s (contractor) insurance company (St. Paul Fire & Marine Company) incurred in defending a law action in which the plaintiff alleged injuries resulting from negligence by the subcontractor and claimed the contractor was vicariously liable for the subcontractor’s active negligence.
A landowner contracted with the contractor to do electrical work, and the contractor entered into a subcontract with the subcontractor to perform portions thereof.[1] The subcontract contained no indemnity provision. A third person suffered personal injuries from the subcontractor’s negligence *700 while performing work under the subcontract. The victim brought a personal injury action against the contractor and subcontractor. Both the contractor and subcontractor carried public liability insurance. The contractor’s insurer (St. Paul) demanded that the subcontractor and its liability insurer (Commerce and Industry Insurance Company) provide counsel to present a separate defense on behalf of the contractor. The subcontractor and its liability carrier refused, but the subcontractor’s insurer retained counsel who vigorously defended against the negligence claim. The trial court entered a partial judgment finding the subcontractor to have been actively negligent and the contractor to be only technically, or vicariously, liable.[2] After jury trial, the victim recovered a judgment for damages against the subcontractor and the contractor, jointly and severally, which the subcontractor’s insurer promptly paid.
Based on the theories of subrogation and common law indemnity, the contractor brought this separate action against the subcontractor for the' use and benefit of the contractor's liability insurer (St. Paul) for reimbursement for the attorney’s fees and costs the contractor’s liability insurer (St. Paul) incurred in (unsuccessfully) separately defending the contractor. The subcontractor defended, alleging among other things, that the contractor’s liability insurer’s attorneys conspired and acted in concert with the attorneys for the tort victim so as to enhance the victim’s verdict which the subcontractor’s liability insurer was to be primarily liable to pay and which it paid. The trial court entered final partial summary judgment finding the subcontractor to be liable for these attorney’s fees and costs.
1. DUTY OF INDEMNITOR TO PROVIDE INDEMNITEE A SEPARATE DEFENSE
In the posture of this case, the contractor is an indemnitee with respect to the subcontractor who is the indemnitor. The contractor’s liability insurer (St. Paul) is subro-gee with respect to the contractor who is subrogor.
In Florida and elsewhere, the general rule is that an indemnitee is entitled to recover from an indemnitor, as part of his damages, reasonable attorney’s fees, costs, and expenses which the indemnitee is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified, but attorney’s fees in establishing the right to indemnity are not recoverable from the in-demnitor. See, e.g., Post Houses, Inc. v. Fireman’s Fund Insurance Co., 469 So.2d 863 (Fla. 1st DCA), rev. denied, 478 So.2d 54 (FIa.1985); American & Foreign Insurance Co. v. Avis Rent-A-Car System, Inc., 401 So.2d 855 (Fla. 1st DCA 1981); Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 466 (Fla.1982); Pender v. Skillcraft Industries, Inc., 358 So.2d 45 (Fla. 4th DCA 1978); Borg-Warner Acceptance Corp. v. Philco Finance Corp., 356 So.2d 830 (Fla. 1st DCA 1978); Insurance Company of North America v. King, 340 So.2d 1175 (Fla. 4th DCA 1976); Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla. 2d DCA), cert. denied, 234 So.2d 122 (Fla.1969); Fontainebleau Hotel Corp. v. Postol, 142 So.2d 299 (Fla.3d DCA 1962). This rule, while broadly stated, does not apply in this case.
A passive tortfeasor’s liability is merely vicarious; for a passive tortfeasor to be liable for damages to a plaintiff-victim, the active tortfeasor must first be found to have negligently caused these damages. The plaintiff-victim, therefore, can reach the passive tortfeasor only through a finding that the active tortfeasor is liable. Therefore, as to the decisive issue of the active tortfeasor’s negligence, defense of an active tortfeasor is necessarily defense of the passive tortfeasor. For this reason, *701 though the subcontractor, as the active tortfeasor, refused to provide separate counsel to represent the contractor in the personal injury action against both, when the subcontractor undertook to defend itself against the liability claim, in substance, it necessarily and effectively provided the contractor, as passive tortfeasor, the benefit of the same defense. There is no indication in the record in this case (1) that counsel provided by the subcontractor’s insurer did not aggressively and competently defend against the negligence claim or (2) that the defense of the subcontractor was inconsistent with the interests of the contractor or (3) that the contractor had reason to believe that indemnitor (the subcontractor), or its insurer, would be unable to discharge a judgment if rendered.
The question therefore becomes whether, under the theory of common law indemnity,[3] a party who is vicariously or secondarily liable is entitled to be reimbursed for attorney’s fees and costs incurred in separately defending an action for damages in a case where the defendant who is primarily liable employs competent counsel to properly defend against the claimed negligence and there is no reasoned need for the defendant who is secondarily liable to make a separate defense of the claim that the defendant primarily liable was negligent.
Though Florida courts do not appear to have done so, this problem was addressed in Chittum v. Abell, 485 S.W.2d 231 (Ky. Ct.App.1972). There, a decedent negligently caused an automobile accident in which a plaintiff was injured. The plaintiff brought an action for damages against the decedent’s estate (the active tortfeasor) and the corporation of which the decedent was an officer (as passive tortfeasor). Both the corporation and the estate employed counsel to defend the action. The corporation sought indemnity against the decedent’s estate for attorney’s fees incurred in defending the action, and the trial court found the corporation to be so entitled. In reversing the award of these attorney’s fees, the appellate court recognized the general rule that attorney’s fees reasonably incurred in the defense of a claim for damages may be allowed in an indemnity judgment for the damages. However, the court noted that the allowance of such fees is not automatic in an indemnity judgment; rather, “it depends on the equities of the situation, and particularly upon whether the indemnitor failed to provide adequate defense of the claim for damages.” Id. at 237. Finding that the decedent’s estate, as indemnitor, vigorously defended the claim for damages and that there was no antagonism of defenses, the court held that there was no need for the indemnitee corporation to employ its own counsel; the trial court’s allowance of indemnity for attorney’s fees therefore was error. Chittum holds that the general rule does not apply where the party who is primarily liable adequately defends the claim for damages and there is no antagonism of defenses or other conflict of interest between the primarily and secondarily liable parties.
Some other jurisdictions have held that the fact an indemnitor has employed competent counsel does not necessarily prevent an indemnitee from taking necessary steps to defend itself against liability for damages. See e.g., Fidelity & Casualty Co. of New York v. Mauney, 273 Ky. 400, 116 S.W.2d 960 (1938); Bankers’ Surety Co. v. Cross, 100 Neb. 98, 158 N.W. 457 (1916). However, these cases do not involve common law indemnity but turn on the construction of the specific language used in written indemnity agreements. In contrast, there is no applicable written or oral indemnity agreement in the present case; the sole basis for reimbursement of attorney’s fees and costs is common law indemnity. The doctrine of common law indemnity does not require the party primarily liable to reimburse a party only vicariously and secondarily liable for attorney’s fees and costs that the vicariously liable party chose to expend for a separate defense in a negligence law action in which the primarily liable party employed counsel and made an adequate defense which was consistent *702 with, and protective of, the interests of both defendants.
II. SUBROGATION TO INDEMNITEE’S RIGHTS WHERE THE SUBROGEE, NOT THE INDEMNITEE, INCURRED EXPENSE OF ATTORNEY’S FEES PAID TO DEFEND IN-DEMNITEE FOR WHICH INDEMNIFICATION IS SOUGHT FROM IN-DEMNITOR
In its final essence, we have in this case an insured contractor and an insured subcontractor; in an action by a third person against both insureds, the insurer of each provided its insured a defense as each was contractually required to do and now the contractor’s insurer is seeking reimbursement from the subcontractor for the expense of attorney’s fees the contractor’s insurer incurred in providing the defense it was contractually obligated to provide its insured, which expense the majority has imposed on the subcontractor on the theory of common law indemnity. The obligation of the parties under a contract of indemnification depends, of course, on the terms of the contract, but under common law indemnity theory, the indemnitee has no right of recovery from the indemnitor except for damages and expense which the indemnitee has actually paid, or at least, has become legally liable to pay or repay.
As to the defense of the tort action, the contractor had two rights and two alternatives: it had the contractual right to have its insurer (St. Paul) defend it and it had the right to rely on the subcontractor to defend or, if necessary, to pay or incur the expense of attorney’s fees to defend itself and to later seek reimbursement for such expense from the subcontractor on the theory of common law indemnity. The contractor chose to call on its insurer to meet its contractual duty. It was, and is, the contractor's insurer who, while providing a defense, sought to save its money by trying to assert its insured’s personal right to have the subcontractor defend the contractor and it is the contractor’s insurer who is still seeking reimbursement for the expense it — not the contractor — incurred.
Because the contractor’s defense was provided by its insurer as a prepaid contractual duty, the contractor has paid no money and incurred no legal liability for attorney’s fees and has absolutely no legal duty to reimburse its own insurer for that expense. There is nothing for which the contractor is entitled to be indemnified and, therefore, the subcontractor has no duty, contractual or at common law, to indemnify the contractor for attorney’s fees. Actually, the contractor’s insurer which paid the attorney’s fees and is the real party in interest in this controversy, has only the right of subrogation, not indemnification, and under the doctrine of subrogation the insurer figuratively steps into the very shoes of its insured, the contractor, and its insured, the contractor, is not entitled to indemnification from the subcontractor for attorney’s fees which the contractor did not incur.
The right to indemnification in this case is the contractor’s right to be indemnified for the expense of attorney’s fees, if any, the contractor incurred; the contractor’s insurer has no right to be indemnified for the expense of attorney’s fees the insurer incurred under its independent contractual duty to defend its insured. Peculiarly, this action is brought against the subcontractor by the contractor for the use and benefit of the contractor’s liability insurer (St. Paul). If this action were truly brought to enforce the contractor’s right to indemnification, it would be an action by the contractor for its own account to recover reimbursement for expense the contractor incurred for attorney’s fees. This illustrates that this is really an action to obtain reimbursement for the expense incurred by the contractor’s liability insurer and that entity has no right of indemnification against the subcontractor. Admittedly, there are two sides and two views and it is difficult mentally to stay on one side of the looking glass when, in this case, as in a Disney World attraction, by looking dimly through a confusing subrogation-indemnification two-way mirror, there can be seen the image of a contractor holding an empty money bag representing the loss of money expended for attorney’s fees. In reality, *703 however, what is seen is a composite image reflected from two separate mirrors, one mirror reflecting the insured contractor and his right of common law indemnification to reimbursement, and the other mirror reflecting the contractor’s insurer and its right of subrogation and it’s empty money bag. In the true light of reasoning and logic, it can be perceived and discerned that in truth and fact, one of them, the insured contractor, has the right of indemnification but not a loss for which it is entitled to be reimbursed, and the other, the insurer, has incurred the expense of meeting its contractual duty to provide its insured a defense for which the insurer has no right of reimbursement from either its insured contractor or from the subcontractor. An insurer’s subrogation right to recover from one third party (a co-tortfeasor) money the insurer has paid to another third party (a tort victim) does not include the right to recover the expense of attorney’s fees the insurer incurred as part of its contractual obligation to its insured, even in a case in which, had the insured incurred expense of attorney’s fees, the insured, under a right independent of insurance (in this case the theory of common law indemnity) could have recovered such expense from a third party, such as an active co-tortfeasor. The partial summary judgment entered in favor of the contractor, appellee Carter Electric Company, should be reversed.
The majority has found that this appeal is frivolous and has awarded appellee contractor (actually the contractor’s insurer, St. Paul) attorney’s fees on appeal under section 57.105, Florida Statutes. This action may accurately reflect an attitude toward the appellant’s position and the view of the dissent but in fairness the questions and points of law presented are difficult to perceive, analyze, state, and answer. There can be two good faith views of the law involved and this appeal is anything but frivolous.

. Actually the landowner, (State of Florida) contracted with a general contractor (Cone Brothers Contracting Company) who subcontracted with Bravo, an electrical subcontractor, who contracted with Carter as sub-subcontractor to set certain poles. The relationships are simplified for clarity.

. Where a passive tortfeasor is only vicariously liable for an active tortfeasor’s negligence, the passive tortfeasor has a common law right of indemnity as to any loss the passive tortfeasor has been obligated to pay based on vicarious or constructive liability resulting from the active tortfeasor’s wrongdoing. See Castle Construction Co. v. Huttig Sash & Door Co., 425 So.2d 573 (Fla. 2d DCA 1982) and cases cited therein.

. We are not here involved with contractual indemnity nor with the question of whether the result would be different under a contract of indemnity.